Good morning, your honors. May it please the court. Opposing counsel? My name is John David Stoner. I am a member of the bar of this court. I am also the key tom plaintiff, whom I represent on behalf of the federal government in this action under the Federal False Claims Act. I reserve five minutes for rebuttal. Well, you have to take the five minutes out of your ten. Yes, I understand that. All right. In these first five minutes, I will make three points. First, the individual defendants here attacked the public interest of the United States by falsely claiming millions of federal dollars for what they falsely claimed was educating students with special needs in the least restrictive environment. Second, there are two separate cases here that have been proceeding along two tracks of litigation. On the page I've given you that has colors on it, you'll see that at the top, there is red, and below the line is the state in green. Third, the defendants are trying to preclude further action on the federal track by citing the state court decisions. The controlling law is the California law on preclusion, which has five requirements. The failure to meet any one of these requirements is sufficient to prevent this preclusion. First, I'm going to go back to the public interest. In Brown v. Board of Education and in the Individual with Disabilities Education Act, both make clear that segregation of certain students is contrary to the law. And Brown has a very good paragraph that's in the brief pointing out the effect of segregation. Let me ask you, Mr. Stoner, if it were the same plaintiff in both the state and the federal case, would under state law there be preclusion? No. No. Is there a difference in the substance? Excuse me. The answer is no, because the issues are not the same. In general, yes. How are the issues not the same? The issues are not the same because the federal law is — has different standards and different rules that apply to deciding what's a false claim. Let me point out, for example, on the green and blue chart that I have there, the State complaint agreed to — in the State court, the State court agreed to stay all the federal questions. That was important to preserve the rights of the — How are the standards different? Pardon me? How are the standards different? This is a deflection. How are the standards different? That one — for example, I wanted to point out that in the second point on the green point on the chart I gave you, the defendants gave three reasons for a demur of the individual defendants. Each one of these three reasons has been rejected by this Court on the federal track. For example, the one reason is there's a section in the State code that talks about certain things that need to be done before, and that's the argument that the defendants made before the district judge. That section is not in the federal statute. The second one is, is they argued that the McVeigh case in the federal courts precluded a claim against the individuals here. That rejects — and this Ninth Circuit already in the federal track has rejected the McVeigh case. Did the State court accept that? What? Did the State court accept that? We don't know. The State — what the State court did was they said this is not sufficient, and they didn't go into what reasons there were for not being sufficient. So it was a very general, vague statement, and we don't know what reasons they — so they may have accepted that. They may not. We don't know what they did. There's no finding here. What did the court of appeals say? I'm sorry. You mean the appellate division in the State court? That — in that court on the — It was a court of appeal. It wasn't an appellate division, wasn't it? Pardon me? Wasn't it a court of appeal, not an appellate division? Well, anyway, go ahead. Well, I think it's called the appellate district, but you're right. It is a court of appeal in the State system. Right. What they said was they added another possibility. They said that these individuals didn't participate in the signing. Now, I should maybe start quickly and say that there are two kinds of defendants here. One defendant was the State court — appellate court, without any basis for doing so because there was no finding on this in the trial level, said that there wasn't sufficient evidence to show that the superintendent knew that in the future, the plans that she said would be followed wouldn't be followed. That's — that was a finding completely by the appellate judge, without any authority to do so, without any — and it was not argued before the State court, because in the State court — I mean, I'm sorry, in the trial court, because in the trial court, the trial judge found that the superintendent was immune under a certain section of the California government code providing for discretionary immunity. And the appellate court said, well, that's no good because the appellate court — I'm sorry, because the superintendent did not have any discretion here, so there couldn't be discretionary immunity. So to answer your question was, what did the appellate court do? Well, I just saw what the appellate court did. They said that it was — it said reviewing it to no further reason to — and he's — they weren't appropriate because they didn't participate. So they didn't. And that also — not this particular — not in the Federal — not in this Federal track case, but in another Federal case against Eggball, E-G-H-B-A-L, they found that participation was not required. In other words, this was a mortgage financing situation where individuals had made claims that were false, but the mortgage bankers that had actually signed those papers participated, not participated. One thing about the issues. Were you, in either of these cases or both, specifying particular claims for particular years? Yes. Were they the same? Yes. All right. So that's not a difference. What? So that's not a difference between the two cases. Well, that's not a difference that the — the California preclusion law says, in contrast to the Federal law on this, which is cited by the defendants, the California preclusion law says what's important is not whether it's a common set of facts. What's important is whether there are — But I just wanted to clarify that it was a common set of facts. It wasn't a situation in which one case was looking for recovery for 2002-2003 and another one was looking for recovery for 2004-2005. It was the same time period. Well, the one caveat on that is, although they both started out asking for the same thing, clearly the State court only decided it on the basis of the case before them when they decided it. So that was basically when the complaint was filed on June 30th, 2004. The Federal case continues. We amended the complaint. And so it has the same kinds of facts, but they go on for the present. So there's a time period. Are the same people still there? One of the superintendents is not. The other two individuals are. And so obviously the case against the superintendent, she was there after the State court decision, but not — not a — she's not there today. I think she left in 2007. Now, the other two, other than the superintendent, the State court found did not participate. Pardon me? Did you say that the other than the superintendent, where they said there was insufficient evidence, as to the others, they said they didn't participate? The appellate division said that the two other defendants, that's Wong and Finiani, didn't participate. But as I point out, there's a Federal Ninth Circuit case that says that's not required. So that — by participate, what they really mean is, is they didn't sign the papers. All right? Well, that's not what it said. It said they didn't participate directly or indirectly in making claims to the government. Well, but — All they did was run the program. And — but there are two points on that. And one is, there again, we haven't had any trial on that. This was a — That's not the question. The question is, is that standard, participating directly or indirectly in making claims to the government, different than the Federal standard? Well, I think it is, because it's not clear to me what that really means in the State standard. I think they were just — I think they were deciding that, saying that, on the basis of the failure to sign the papers. They said the base — they said why? Because the basis of the alleged misconduct was running the program and supervising the appellant. Because the basis was — He says all you alleged about them was that they ran the program and supervised the appellant. Well, that's what they did. So they clearly knew what was going on. In addition to that, Mr. Fimiani actually approved the — he's the one that looked over the papers that the superintendent signed. And on the amended complaint, he's even signed the papers on the one period, 2008. I'm not sure of the right year, but anyway, recently. And you're correct that the principal, as Mr. Wong, he was able to — he ran what was going on, so he clearly knew what was going on. Obviously, if you're going to sign a statement, you're submitting a claim about what the program does. The principal ought to — is integrally involved in that claim. We've given you now more than that five minutes of yours, so we'll give you the rest on rebuttal. Let me just make one — make the conclusion of this first one. I gave you about the public interest and the two separate cases, and I told you about the Federal exclusion. Thank you, yes. In summary — No, no summary now. You can have your summary on rebuttal. Okay. Thank you very much. Morning, Justices. May it please the Court. I'm Mark Davis representing the appellees, Colleen Wilcox, Joe Femiani, and David Wong. The Court's probably figured out that where this case started from was that Mr. Stoner was an employee at the Santa Clara COE. It didn't work out. He was let go. He sued for wrongful termination. He added to that claims for violations of the False Claims Act. Before I get into the argument, I just wanted to point out that a recent case was submitted by the plaintiff to the Court that basically stands for the proposition that if there's a dismissal without prejudice, that that shouldn't trigger collateral estoppel. I agree with that. But I think what does trigger it is if you have the same parties litigating the same issues, and those issues are adjudicated. So if you look at that in this case with respect to the parties, the parties in the two actions, the State court action and the Federal court action, are not only in privity, they're basically the same. It's Mr. Stoner representing the government interests. Mr. Stoner is a realtor. I believe one of the arguments in this case is that the United States, the real party in interest in the Federal court case, was not part of the State court action. The United States is not part of the Federal court action either. So I don't believe that's a valid point. What is valid is the point that the realtor's actions will be binding on the real party of interest, the United States. And a fortiori, the real parties, the realtor's actions in one matter should be binding on the realtor's actions in another matter, the State court case. So let's, I mean, the Federal court case. Let's look at the issues, the similarity of issues. Law, these two statutes involved are essentially the same. The California False Claims Act was modeled after the Federal False Claims Act. Secondly, the allegations, basically identical. If you've had a chance to review the two complaints, the allegations are essentially identical. The evidence involved, yes. Kennedy, did you tell us whose preclusion law were to govern this case? Well, I believe the district court should apply the preclusion law such that if the State court would have precluded it, the district court should as well. The Full Faith and Credit Act, I believe you give the preclusion effect to any judgments whenever the State court would do so. So if California preclusion law would bind the Federal court, is that right? I believe so, Your Honor. And in this case, if you want to look at that issue, which is what I was going to end with, but if you want to look at that issue of how would the State court handle this judgment, I think it's pretty clear, because we know at the State court level what the superior court did. They sustained a demur with respect to defendants Fimiani and Wong. We've chosen not to amend, by the way. Are the mens rea requirements for the two statutes the same? Essentially the same. There's a knowingly requirement in the statute of both. Plaintiff's argument is that there's a higher level of slander required in State court than Federal court. The Federal court conscious disregard is enough. But there's already been a finding of no wrongdoing on the part of all these defendants. A finding of what? A finding with respect to Wong and Fimiani at the demur level. There's a finding that they had not alleged any specific wrongdoing against those two defendants. The plaintiff was given leave to amend. He chose not to do so. It went up on appeal. There was a de novo review. Well, I don't understand that. But if there was, in fact, a different standard, you might come to a different conclusion about whether there was wrongdoing, because there's a different mens rea. The mens rea is part of the wrongdoing, no? Well, I believe it is in both, Your Honor. And I believe once you have a State court determination that there was no evidence of wrongdoing and that the plaintiff had not submitted any evidence of wrongdoing, then you would have to abide by that judgment in State court. I'm confused. If, in fact – I'm not sure this is true, by the way. I think maybe the two statutes are the same. But if they were different, then a finding that you didn't commit any wrongdoing under the California statute could be a finding that you were – you didn't know about it, but you were in reckless disregard, but that's not wrongdoing. I think theoretically that's correct. But I agree, I don't believe there's any difference to the extent there is. The court, district court, described it as a nominal difference. We're essentially dealing with the same statute here, which is why when I was talking about issues, the statutes are essentially the same. The allegations that were made in both cases were the same. I guess I'm asking you whether essentially is good enough. Well, I think they would have to show that it would make any difference. And if there's been a determination that there was no wrongdoing, no evidence – What you mean by no wrongdoing is that there was no false claims submitted? Is that what you're saying? Well, if the statute says you have to knowingly violate this and there's no evidence that any of the defendants knowingly did anything wrong, then I'm not sure how you can prevail under either statute. Well, you could if, in fact, the Federal statute didn't require knowingly. Well, but that's what the statute says. I thought you said that the Federal statute includes reckless disregard, or is it the other way around? There's case law extending that to conscious disregard, reckless disregard. The problem in this case, I think, for the plaintiffs is that we are dealing with what's already been described by plaintiffs' admission in the opening argument here as the same claims, same legal issues, same allegations, same evidence. There was a proposal. You could be right, but not for the reason you're saying. Go ahead. Well, that's like the appellate court affirming if any grounds are correct to support the underlying decision. So, but the similarity of these two cases, I think, highlighted by the fact that there was a proposal to use the evidence in one case as evidence in the other case, that the discovery in one case could be the discovery in the other case. I'm a little lost. Did you say that under the Federal statute it can be a conscious disregard or a reckless disregard, and that that's not true under the State statute? No. I believe plaintiffs are making the argument that that is the case. I think even in the State, there has to be an element of scienteer with respect to both. But not if it's a different element. I mean, I think there are two different answers to what you're saying. One of them is I'm not sure there is a difference, and the other one is that difference may have had nothing to do with the facts of this case. But if in fact it does exist and it has something to do with the findings in this case, then it would matter. Well, I think we need to look at how the district court looked at this and whether or not it does matter. If we have the same parties litigating what I believe are the same issues, same allegations, same evidence, is there an adjudication? That could also be true, actually, if the standard was that in one – in the State, it had to be, say, malicious, and in the Federal government, it only had to be negligent. If that were the case, it wouldn't matter what they said in the first case. And I thought I heard you say that there was a broader requirement or a broader permissible violation or possibility that this Federal statute would have – well, I guess it might be narrower. But what is the standard in each? Is it the same? If you read the statutes, they are the same in terms of what has to be proved. It's the knowingly requirement. And if you look at the Federal court complaint, the amended complaint that's filed, that's what's alleged, knowingly, knowingly, knowingly. Knowingly what? Knowingly signed off on documents they knew to be false. And if I can add one thing on the State court reasoning why Colleen Wilcox was let out, one, there was no evidence to support the allegation that she was in violation of the law or knowingly in violation of the law. Second, there was no evidence that the conduct that plaintiff claimed to be in – oh, I'm sorry. In other words, the conduct the plaintiff claimed to be in violation of the law occurred after Wilcox certified the COE's plan. So the Court essentially based its decision on those two factors, and that led to an adjudication on the Wilcox claim. The adjudication with respect to the Fimiani and Wong claim, like I said, was demur, sustained with leave, plaintiff chose not to amend. He still got a de novo review. The appellate court, it was affirmed. Similarly, the Wilcox motion for summary judgment was affirmed because there was no evidence to support any of the claims against her. Another de novo review. And so we have a superior court judge and a unanimous appellate court judge adjudicating the same issues between the same parties in the State court action. So I believe the full Faith and Credit Act should apply. I think this is a little bit of form-shopping, a second attempt to try to get a second bite of the apple. And I believe the – It's actually the first bite of the apple. He filed in Federal court first. Correct. Well, and also brought the same claim in State court and dismissed that. Well, he did that because the Federal case was, as it turned out, erroneously dismissed. Well, erroneously dismissed with respect to the individuals. Right. So in order to deal with a statute of limitations problem, he went and filed in State court. Correct. But he didn't want to be in State court. He never wanted to be in State court. Well, it's up to the Roe. There's differing views on that. Two last points. The argument that there's not a fair opportunity to litigate. If you look at this chart that we just saw, there has been more than an opportunity to litigate this matter. I mean, I've got a file cabinet full of this file. This thing has been going on for a long time. Secondly, and finally, the public interest argument. The public interest, I think, should be to promote the consistency between Federal court and State court review of the same issues between the same parties. And secondly, also to reduce duplicative litigations. The Court referenced earlier in another matter. There's a limit to what the Federal court can do on some of these issues. And if those issues between those parties have already been resolved and adjudicated, the Full Faith and Credit Act, I believe, should be applicable. And I believe that's why Judge Ware at the district court level granted this motion. Thank you. Thank you. One question for you, if I may. I'm looking at these two tracts, these multicolored two tracts. At what point would you say the United States lost any opportunity it might want to avail itself of to enter this litigation? I'm not sure if they've ever lost it, but probably at the point where they formally indicated they were choosing not to intervene. I mean, the United States could now come in and seek to reopen the judgment. You know, Your Honor, I don't believe so. If they formally indicated, one, that they are not intervening, and two, they formally indicated they are not passing on judgment on whether this motion should have or should not have been denied. I think once you formally indicated that, you're done. I guess I misunderstood your first answer, then. I thought you said that you're not sure that the United States ever lost its opportunity to come in. But I guess I misunderstood your answer. Okay. Thank you, Your Honor. The first point you made about my having been terminated from being teaching in New York has nothing to do with this case. This case is still a false claim act. My motives have nothing to do with this. What happens is, whether they violated the law or not, whether they made false claims. Yes, we understand that. Pardon me? We understand that. Okay. Second, the standards were also different in the demurrer stage than they are in the both the State and Federal. I think I put it out in my brief that the Federal government has notice pleading and the State has code pleading. I've already made the point that the demurrer, we don't know what grounds they decided it. There is no defining in here that they did not make false claims. The only argument that was the only argument that was the only argument that was the only argument that was the only argument that was the only argument that was the only And there was a finding that none of the three individuals you sued made five false claims. That is exactly what the finding was. No, the finding was that they didn't know that things would come out differently than they did. No, the finding was essentially that two of them never made any claims at all and the third one didn't make any false claims. But we don't know what the – the finding they didn't make any claims at all could be on any one of the grounds that the defendants put forward, and at least three of those grounds have been rejected by the circuit. So we don't know what the finding in the demurrer was. It's clearly not that – they did not make a finding that there was a false claim. I mean, there's no question in the case, but we – well, that's – let me go back to another thing. That's the way the due process comes in. The district court never – I'm sorry, I'm making – the trial court, a distinguished district court, Mr. – the opposing counsel referred to as the appellate court in the case of the defendant, never made any findings on this issue at the state level. The trial court did not make any findings on this issue, they – as far as the superintendent goes, because the superintendent, they just said didn't know what was going to happen in the future. But that doesn't say that the claims were actually false. She said that they would do it this way. They didn't know what the law required on certain points. Now, so there – that's the due process. When the appellate district court got this, they made findings on their own, even though under the California law, they have no jurisdiction to make findings of fact that were not done by the state court – by the trial court. And nevertheless, they went ahead and made these findings, which are not – and then the final thing is, is that those findings they made won't preclude this proceedings in the Federal court anyway, because even if that were correct, that she didn't know what was going to happen in the future, there's no question that the statements she made were false at the time she made them. Every year, she has to certify before the funds are given to her, at least before all the funds are given to her, that they're complying with all the laws. And when she made those certifications, she signed those directly. They were false at the time she made them. The appellate division, appellate district court in the state level did not even consider that. And they – and they made all these decisions without any notice to the appellants that they were going to decide this on anything other than the – what the district court had – what the trial court had decided. Thank you. The time is up now, more than up. Thank you very much. Thank you, both of you. The case just argued will be taken under submission.
judges: Pollak, Reinhardt, Berzon